OPINION OF THE COURT
Susan R. Larabee, J.
The court has before it a question dealing with the venue of a child protective proceeding under article 10 of the Family Court Act. Simply put, the issue presented in this case is *293 whether New York County is an appropriate venue for this matter, when the respondent resides in and is domiciled in the State of New Jersey and the subject child neither resides in nor is domiciled in New York County. For the reasons set out below, the court finds that New York County is an appropriate venue for this proceeding.
This child protective proceeding was commenced on June 12, 1997 when the Administration for Children’s Services (ACS) filed the instant petition alleging that the respondent left the subject child alone in Madison Square Park while she was working. The petition further alleges that the respondent mother also would leave the subject child alone around her home in New Jersey.
At the initial appearance, the respondent mother and the nonrespondent father of the child appeared, The court appointed attorneys for both parents. The respondent mother entered a denial to the allegations and requested a Family Court Act § 1028 hearing. The court, sua sponte, raised the issue of venue for the first time and asked all counsel to submit memoranda of law on the issue.
After reviewing the memoranda submitted by counsel, the allegations contained within the petition, and a letter from the child protective authorities in the State of New Jersey, which was presented to the court on June 18, 1997, the court makes the following factual findings in order to resolve the venue question: (1) The respondent mother resides in and is domiciled in Patterson, New Jersey; (2) The nonrespondent father resides in and is domiciled in New York County; (3) The subject child attends St. Basil’s Academy, a boarding school operated by the Greek Orthodox Archdiocese of America in Putnam County; (4) The parents are married but living separately, with no separation agreement or judgment of separation governing the question of custody of the subject child; (5) The child protective authorities in New Jersey have declined to act upon this matter.[1]
In a child protective proceeding, venue is governed by section 1015 of the Family Court Act. In pertinent part, section 1015 (a) states: "Proceedings under this article may be originated in the county in which the child resides or is domiciled * * * or in the county in which the person having custody of the child resides or is domiciled” (emphasis added). *294 The court now holds that New York County is an appropriate venue for this proceeding under section 1015 (a).
The respondent mother is married to the nonrespondent father. The subject child is the issue of this marriage. The respondent mother and the nonrespondent father reside in separate households, with the nonrespondent father maintaining his residence within New York County. There is no preexisting determination regarding the legal custody of the subject child, either through a formal separation agreement or a court order. Accordingly, legal custody of the subject child rests in both the respondent mother and the nonrespondent father. Thus, this child protective proceeding is properly within New York County because New York County is a "county in which the person having custody of the child [the nonrespondent father] resides or is domiciled.” (Family Ct Act § 1015 [a].)
Counsel for the respondent mother asserts that no compelling reasons exist for the New York County Family Court to assert its conceded jurisdiction over this matter, given that only a single allegation in the petition is connected to New York County and neither the subject child nor the respondent mother reside or is domiciled here. This court differs. This situation is analogous to the assertion by the court of jurisdiction in a custody matter under the Uniform Child Custody Jurisdiction Act (UCCJA),[2] where New York is not a child’s home State but some emergency (e.g., allegations of child abuse or neglect) exists. Clearly, the court cannot abdicate its responsibility in this matter, even if the State of New Jersey and its child protective agency do not act. Had the nonrespondent father chosen to file a custody petition for this child, seeking to be named the sole legal custodian of the child, this court clearly is a proper venue to assert UCCJA emergency jurisdiction. It is clear to this court that the allegations contained in this petition would rise to the level of an emergency had they been asserted in a custody petition.[3]
This court as parens patriae must act to protect this child of a New York resident, especially where the child’s nominative home State has decided not to file á child protective petition. This court will continue to entertain the matter as long as it is clear that this child may be in need of protection.
For the reasons set out above, namely the nonrespondent father’s residence in New York County, the emergency nature *295 of this situation, and our sister State’s decision not to take any further child protective action, this court finds that venue is appropriate within New York Family Court.

. Letter from New Jersey Division of Youth and Family Services, dated June 17, 1997.

. Domestic Relations Law § 75-g.

. It is likely had these allegations been raised by the noncustodial parent in a petition that the court would have ordered an article 10 proceeding.